Anderson, J.,
delivered the opinion of the court.
This is an action of debt on a sheriff’s bond for a breach of the condition. It is alleged and shown that a writ of fieri facias was sued out of the clerk’s office of the circuit court of Rockingham county, on the 10th of June, 1870, returnable on the first Monday in August following, for $350, and interest and costs, on behalf of George Airey, for the use of Isaac Minnick, against one Peter Paul, which execution came into the hands of A. A. Hess, deputy for Joseph A. Hammen, sheriff of said county of Rockingham. The declaration assigns various breaches. That- the writ was not returned by the first Monday in August, the return day, nor the money paid. That it was returned afterwards with an endorsement thereon, “Levied this fi.fa. July 30th, 1870, upon a lot of wheat, and 15 head of hogs, four hundred bushels of oats, as the property of Peter Paul, and ten head of cattle and four head of horses,” which return is signed “A. A. Hess, deputy for J. A. Hammen, S. R. C.” “Credit by note of S. B. Good, of date of June 26th, 1873—amount, one hundred and sixty dollars.” “The property levied on this fi.fa% was levied on prior to this execution. Returned no property found unincumbered upon which to levy.” Signed A. A. Hess, D. S. And the declaration alleges that the said last endorsement is false, fraudulent and evasive. It also alleges that the said A. A. Hess, deputy as aforesaid, allowed the said property levied on to remain in the possession of the debtor, and the same was wasted, destroyed or made away with without the leave or consent and against the will of the said plaintiff. The defendants pleaded conditions performed, on which issue was joined. No *251 proof was offered by the plaintiff on the trial in support these allegations and assignments of breaches, or of any other breaches assigned, except the levy of July 1870; and that the property was sufficient to have satisfied his execution; by reason whereof the defendants had come liable for his debt, interest and costs, and had wholly neglected and refused to pay it.
The defendants then offered in evidence, to maintain the issue on their part, the subsequent endorsement made upon the execution, before recited, but which is without date, signed A. A. Hess, X). S.; to the introduction of which in evidence the plaintiff objected, and the court sustained the objection, and excluded it from the jury. The defendant then offered to prove by the said' A. A. ITess; that at the time the said execution came into his hands, he had other and older executions in his hands against the same debtor, and had taxes due the county of Rockingham and state of Virginia in his hands against him, which were levied upon the same property named in the return endorsed upon the execution in favor of the plaintiff aforesaid, and that the proceeds from the sale of said property were applied to the payment of said older executions and taxes, and that said Peter Paul had no property unincumbered out of which the plaintiff’s execution aforesaid could have been made. To the introduction of all which evidence the plaintiff, by his counsel, objected, and the court sustained the objection, and excluded said evidence from the jury; and to the said several rulings of the court the defendants excepted.
If the endorsement on the execution excluded from the jury by the court, is an amendment of or addition to a previous return made by the sheriff, and is not a part of the original return, but made by the deputy subsequently thereto^ and after he had returned the execution to the office, it does not appear that it was lawfully made by the deputy, as it does not appear to have been made by the deputy by leave *252 0f court 0n motion of which the plaintiff in the exe- . ^ cution had notice. But however that may be, the court is opinion, that it was competent for the defendants, in their defence under the pleadings in this cause, to prove that at the time the said execution introduced by the plaintiff in evidence came into the hands of his deputy, A. A. Hess, the said deputy had other and older executions in his hands against the said Peter Paul, the debtor, and also that he had taxes due the county of Rockingham and state of Virginia against the said Peter Paul, whieh were levied upon the same property named in the return of the plaintiff’s said execution, and that the proceeds from the sale of said property were applied to the payment of said older executions and taxes; and that said Paul had no property out of which the plaintiff’s execution could be satisfied, such proof, in the opinion of the court, being entirely consistent with his return. When two or more executions of fieri facias are delivered to the sheriff, that which is first delivered shall be first levied and satisfied, as required by the statute. Such proof would tend to show that the defendant, J. A. Hammen, had been guilty of no breach of the condition of the bond declared on by the plaintiff, by the failure of the deputy sheriff to satisfy the plaintiff’s execution out of the proceeds of the sale of the property levied on, and tended to support the plea of conditions performed.
The court is of opinion therefore, that the court below erred in refusing to allow the defendants to prove by A. A. Hess the facts which they offered to prove by him, as set out in the bill of exceptions, and that for this cause the judgment must be reversed with costs, and the cause remanded.
The judgment was as follows:
This day came again the parties by their counsel, and *253 the court, having maturely considered the transcript of the record of the judgment aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing filed with the record, that the circuit court erred in excluding from the jury the parol evidence offered by the fendants, the plaintiffs in error here, which the court is of opinion was admissible under the pleadings, and not inconsistent with the return made by the sheriff on the execution. It is therefore considered that the said judgment of the said circuit court be reversed and annulled; that the plaintiffs in error recover against the defendants in error their costs by them expended in the prosecution of their writ of error and supersedeas aforesaid here. And the cause is remanded to the said circuit court of Rockingham county, with instructions to grant the plaintiffs in error a new trial, and if upon said new trial they should again offer the parol evidence which was excluded at the former trial, that the same be allowed to be given to the jury.
Which is ordered to be certified to the said circuit court of Rockingham county.
Judgment reversed.